LEE, P.J., for the Court:
 

 PROCEDURAL HISTORY
 

 ¶ 1. On February 4, 2009, a jury in the Sunflower County Circuit Court found Sidney A. Woods guilty of aggravated assault. Woods was sentenced to twenty years, with fifteen years to serve in the custody of the Mississippi Department of Corrections, five years suspended, and five years’ post-release supervision. Woods was ordered to pay court costs, assessments, restitution, and $500 to the Crime Victims’ Compensation Fund.
 

 ¶ 2. Woods subsequently filed a motion for a judgment notwithstanding the verdict or, in the alternative, a new trial. The trial court denied Woods’s motion. Woods now appeals, asserting that the evidence was insufficient to support the guilty verdict. Finding no error, we affirm.
 

 FACTS
 

 ¶ 3. At approximately 1:00 a.m. on February 24, 2008, Woods and his wife, Mar-keedia Sproulls, were closing Woods’s nightclub in Moorhead, Mississippi. Woods noticed a fight in the parking lot outside between his brother-in-law, Steve Sproulls, and Xavier Dean. Woods attempted to break up the fight, and whether it was intentional or not, he knocked one of the men down. Christopher Davis testified he was trying to break up the fight when he was pushed by Woods. The two men exchanged words, and Davis punched Woods in the face. Woods stumbled and fell to the ground. Woods then pulled out a handgun and fired five rounds at Davis. Two of the bullets hit Davis; one bullet hit the back of his leg, and the other bullet hit his back. Woods testified that he knew Davis was unarmed. Davis testified that he was walking away from Woods when Woods began shooting. Although several witnesses for Woods testified that they did not see Woods shoot Davis, Woods admitted that he had shot Davis.
 

 DISCUSSION
 

 ¶ 4. In his only issue on appeal, Woods argues that the evidence was insufficient to support the guilty verdict. Woods specifically contends that he was not allowed to prove that he shot Davis in self-defense. Our standard of review in regard to challenges to the sufficiency of
 
 *666
 
 the evidence is well settled. “[T]he critical inquiry is whether the evidence shows ‘beyond a reasonable doubt that accused committed the act charged, and that he did so under such circumstances that every element of the offense existed[.]’”
 
 Bush v. State,
 
 895 So.2d 836, 843 (¶ 16) (Miss.2005) (citation omitted). If, viewing the evidence in the light most favorable to the State, any rational trier of fact could have found, beyond a reasonable doubt, that the essential elements of the crime existed, this Court will affirm the conviction.
 
 Id.
 
 If we find that reasonable, fair-minded jurors could have concluded that the defendant was guilty of the accused crime, the evidence will be deemed sufficient.
 
 Id.
 

 ¶ 5. Mississippi Code Annotated section 97 — 3—7(2)(b) (Supp.2009) states that a person is guilty of aggravated assault if he “attempts to cause or purposely or knowingly causes bodily injury to another with a deadly weapon or other means likely to produce death or serious bodily harm.... ” Although Woods admitted to shooting Davis, he contends that he was not allowed to show that he had acted in self-defense. The record belies Woods’s contention. Woods and several witnesses testified that Davis was unarmed. Davis testified that he had turned to walk away when Woods opened fire. The jury did hear testimony from Woods that he had acted in self-defense. The jury was also instructed to find Woods not guilty if it found he had acted in self-defense. Since Woods admitted that he had shot Davis, the elements of aggravated assault were met. From the evidence presented, reasonable jurors could have found Woods guilty of aggravated assault.
 

 ¶ 6. Woods also argues that the jury should have been allowed to hear testimony concerning his health. Woods contends that his medical conditions prevented him from defending himself in any manner besides shooting Davis. Although Davis had punched Woods in the face, Woods’s contention that his only option was to shoot him is unpersuasive. The evidence showed that Woods shot Davis after Davis had turned away from him. Woods had the option to walk away rather than shoot an unarmed man in the back. Furthermore, Woods never made a proffer of what medical conditions prevented him from engaging in physical activity. This issue is without merit.
 

 ¶ 7. THE JUDGMENT OF THE SUNFLOWER COUNTY CIRCUIT COURT OF CONVICTION OF AGGRAVATED ASSAULT AND SENTENCE OF TWENTY YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS, WITH FIFTEEN YEARS TO SERVE, FIVE YEARS SUSPENDED, AND FIVE YEARS OF POST-RELEASE SUPERVISION, AND TO PAY RESTITUTION AND $500 TO THE MISSISSIPPI CRIME VICTIMS’ COMPENSATION FUND, IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
 

 KING, C.J., MYERS, P.J., IRVING, GRIFFIS, BARNES, ISHEE, ROBERTS, CARLTON AND MAXWELL, JJ., CONCUR.